### JAMES SHUTE and wife *vs.* BENJAMIN GOULD, for the use of BAUDUY SIMMONS.

Any justice of the peace of the county may take and certify affidavits, to be used in court as the foundation of a motion to the court.

*The Court,* on motion, struck off the use endorsed on a judgment by husband and wife in favor of the assignee of the wife, though the bond was to the husband and wife and the survivor. The bond vests in the husband entirely during coverture.

JUDGMENT in debt without writ.

*Mr. Patterson* obtained a rule to show cause why the use in this case should not be struck out, founded on an affidavit of James Shute, taken before Thomas McDowell, Esq., one of the justices of the peace for New Castle county.

*Mr. Whitely* objected to the affidavit, that it was improperly taken before any one other than the prothonotary; and if a justice of the peace could administer an oath for such a purpose, that it did not appear in this case that McDowell was a justice of the peace, as he did not take the affidavit in his official capacity, or certify it under his official signature.

*Mr. Patterson* replied, that the objection was too late. That a justice of the peace may administer an oath in any proper case and take and certify such an affidavit as this. That the evidence of

the official capacity of Thomas McDowell is of record in the re-
corder's office; and will be noticed by the court without proof.

*The Court* overruled the objections to the affidavit except as to the
official signature of the magistrate, which they allowed to be amend-
ed; and, in the mean time, went on with the case.

It appeared on the evidence, that on the 18th of March, 1844, a
bond was given by Benjamin Gould to James W. Shute and Eliza-
beth, his wife, or the survivor of them, for $100. Shute and his wife
separated, and she went off with an adulterer; and having clandes-
tinely obtained possession of the bond, she sold it to Frederick Leo-
nard, Esq., in July, 1844, and assigned it before one witness. Mr.
Leonard assigned it in the same way to Bauduy Simmons, on the
8th of August, 1844; when the judgment was confessed at the suit
of James Shute and wife for the use of Simmons.

On this state of facts the court made absolute the rule for striking
out the use.    The bond vests in the husband during his life.    A
married woman can have no right to personal property during
coverture; it vests in the husband.    (*Chitty on Cont.* 176; 2 *Harr.
Rep.* 49; *Ibid* 74; 3 *Ibid* 87.)

Rule absolute—use stricken out.

*Patterson,* for the rule.
*Whitely,* contra.